IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NELDIA EATON,                    §
                                 §
            Plaintiff,           §
                                 §
v.                               §        CIVIL ACTION NO. H-07-3738
                                 §
UNITED STATES OF AMERICA,        §
                                 §
            Defendant.           §

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Neldia Eaton, filed this action on November 5, 2007, against defendant, the United States of America, for damages resulting from a slip and fall that allegedly occurred on November 2, 2004, at the United States Post Office located at 4206 Little York Road in Houston, Texas (Docket Entry No. 1). Pending before the court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Rules of Civil Procedure (Docket Entry No. 7), to which plaintiff has not responded. For the reasons explained below, defendant's motion will be granted, and this action will be dismissed.

### I. **Plaintiff's Allegations**

Plaintiff's Complaint alleges that on November 2, 2004, and for some time prior to that date, defendant's employees negligently failed to maintain the rubber mat and concrete floor at

the United States Post Office located at 4206 Little York Road, Houston, Texas, in a manner that would reasonably prevent slipping, that the defendant's employees knew or should have known of the unreasonable risk created for the plaintiff and others similarly situated, and that while lawfully and properly entering the defendant's property and exercising due care for her own safety, the plaintiff fell on the concrete floor as a direct and proximate result of the wrongful and negligent conduct of defendant's employees.  Plaintiff alleges that as a result of the fall she suffered a broken ankle, pain and difficulty walking, sitting, standing, and bending, and that as a result of her injuries she has suffered great physical, mental, and emotional pain, she has incurred and will incur in the future medical expenses, and she has been wholly incapacitated from continuing her occupation, which has caused her to lose future earnings.  Plaintiff alleges that on September 18, 2006, she filed a claim for administrative settlement with the United States Postal Service in the amount of $30,000, and that on July 20, 2007, she received a final denial of her claim from the United States Postal Service.

## II.  <u>Defendant's Motion to Dismiss</u>

The United States argues that plaintiff's claims against it should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

**A.   Standard of Review**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." <u>Home Builders Association of Mississippi, Inc. v. City of Madison, Miss.</u>, 143 F.3d 1006, 1010 (5th Cir. 1998).  In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact that may be in dispute.  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom.</u>, 122 S.Ct. 2665 (2002) (citing <u>Barrera-Montenegro v. United States</u>, 74 F.3d 657, 659 (5th Cir. 1996)).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." <u>Id.</u>

**B.   Analysis**

Asserting that plaintiff brings suit for damages pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, defendant argues that plaintiff's claim is barred by the FTCA's statute of limitations because plaintiff failed to present an administrative claim that included a demand for a specific dollar amount or "sum certain" within two years after her accident.

1.    <u>Federal Tort Claims Act</u>

Unless waived, the United States enjoys sovereign immunity from suits for damages.  <u>See</u> <u>United States v. Sherwood</u>, 61 S.Ct. 767, 769-70 (1941).  The FTCA is a limited waiver of the United States' sovereign immunity "making the [f]ederal [g]overnment liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." <u>United States v. Orleans</u>, 96 S.Ct. 1971, 1975 (1976).  The waiver of sovereign immunity is limited to instances where "the claimant shall have first presented the claim to the appropriate Federal agency. . ."  28 U.S.C. § 2675(a).[1]  A tort claim against the United States must be presented to the appropriate federal agency within two years after the claim accrues or it is forever barred.

---

[1]28 U.S.C. § 2675(a) provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2401(b).[2]  Regulations promulgated pursuant to the FTC

provide that

> [a] claim shall be deemed to have been presented when a
> Federal agency receives from a claimant, his duly
> authorized agent or legal representative, an executed
> Standard Form 95 or other written notification of an
> incident, accompanied by a claim for money damages in a
> sum certain for injury to or loss of property, personal
> injury, or death alleged to have occurred by reason of
> the incident.

28 C.F.R. § 14.2(a).  See Adams v. United States, 615 F.2d 284, 289

(5th Cir.), clarified on denial of reh'g, 622 F.2d 197 (5th Cir.

1980) (per curiam) (holding that no particular form of notice is

required as long as it (1) gives the agency written notice of the

claim sufficient to enable the agency to investigate and (2) places

a value on the claim); Molinar v. United States, 515 F.2d 246, 249

(5th Cir. 1976) (holding that a letter from claimant's attorney

describing the incident and enclosing receipts for the alleged

damages was sufficient notice).  "[E]xhaustion of administrative

review is a jurisdictional requisite to the filing of an action

under the FTCA."  Gregory v. Mitchell, 634 F.2d 199, 203-04 (5th

Cir. 1981).  See also Ramming, 281 F.3d at 161-62.

---

[2]28 U.S.C. § 2401(b) provides that:

A tort claim against the United States shall be forever
barred unless it is presented in writing to the
appropriate Federal agency within two years after such
claim accrues or unless action is begun within six months
after the date of mailing, by certified or registered
mail, of notice of final denial of the claim by the
agency to which it was presented.

2.   <u>Defendant's Motion to Dismiss</u>

Citing <u>Wardsworth v. United States</u>, 721 F.2d 503 (5th Cir. 1983), <u>cert. denied</u>, 105 S.Ct. 87 (1984), the United States argues that the court lacks subject matter jurisdiction over plaintiff's claim because she failed to present a claim that contained a sum certain to the USPS within two years of her accident.   Like this case, <u>Wardsworth</u> involved a slip and fall that occurred at a post office and a notice of claim to the USPS that the United States argued failed to specify a sum certain for the plaintiff's injuries within two years of the incident as required by 28 U.S.C. § 2401(b).   The district court dismissed the complaint.   After observing that "[f]ederal courts have repeatedly held that the sum certain requirement is a jurisdictional one and that it applies to 28 U.S.C. §§ 2401 and 2675," <u>id.</u> at 505, the Fifth Circuit affirmed the dismissal explaining that

> [w]e have searched the record in vain for any shred of evidence that Mrs. Wardsworth provided the Postal Service with facts from which it could have estimated the value of her claim.   There is no such evidence.   The postal Service knew only that Mrs. Wardsworth slipped and fell, that she suffered a contusion of her left hip and that she had been treated by a doctor on several occasions. It was not possible for the Postal Service to put a value on the claim with such sketchy information.

<u>Id.</u> at 506.

In support of its motion to dismiss, the United States submits the sworn declaration of Jack E. Ferguson, Jr., the USPS employee who has held the position of Accident Investigator and Tort Claims

Coordinator in the Houston District since 1993.[3]  Ferguson states
that on December 2, 2004, the Houston District Accident & Claims
Section received a letter from plaintiff's attorney that notified
the USPS of the date of plaintiff's alleged accident and the
location where it happened, but failed to place a value, i.e., a
dollar amount, on the claim.[4]  In response Ferguson sent the
attorney a Standard Form 95 Claim for Damages with instructions and
a letter notifying him that "[a]ll claims submitted must be in <u>sum
certain amount</u>, show a dollar figure."[5]  Ferguson states that
although plaintiff's Standard Form 95 "Claim for Damage, Injury or
Death" was dated September 18, 2006, it was not received and date-
stamped by the USPS until April 25, 2007.[6]  Ferguson also states
that other documents received together with the plaintiff's
Standard Form 95 support the conclusion that the USPS did not
receive her claim until more than two years after November 2, 2004,
the date of the alleged accident:  (1) the postal meter strip on
the envelope containing the letter and claim from attorney Craig

---

[3]See Declaration of Jack E. Ferguson attached to Docket Entry
No. 7.

[4]See November 18, 2004, letter from Craig A. Washington to
Jack E. Ferguson, Exhibit E attached to Declaration of Jack E.
Ferguson attached to Docket Entry No. 7.

[5]See December 2, 2004, letter from Jack E. Ferguson to
Craig A. Washington, Exhibit F attached to Declaration of Jack E.
Ferguson attached to Docket Entry No. 7.

[6]See Claim for Damage, Injury, or Death, Exhibit A attached to
Declaration of Jack E. Ferguson attached to Docket Entry No. 7.

Washington shows the date of postage or mailing as April 24, 2007;[7] (2) an employment contract pursuant to which plaintiff granted power of attorney to Craig Washington that was notarized on April 16, 2007;[8] and (3) medical bills submitted with the claim that were date stamped by the Houston District Accident & Claims Section April 25, 2007.[9] Ferguson states that on May 9, 2007, he sent plaintiff's attorney a letter acknowledging receipt of these materials,[10] and that he subsequently received a copy of the July 20, 2007, letter pursuant to which Accounting and Control Specialist Eura Williams notified Craig Washington that the USPS was unable to consider plaintiff's claim because it was received more than two years after the alleged incident.[11]

---

[7]See copy of envelope containing Claim and Attorney Washington's letter, Exhibit B attached to Declaration of Jack E. Ferguson attached to Docket Entry No. 7.  Although the date of posting is not legible on the copy in the court's file, plaintiff has failed to submit any evidence capable of disputing Ferguson's declaration that the envelope is post-marked April 24, 2007.

[8]See Employment Contract, Exhibit C attached to Declaration of Jack E. Ferguson attached to Docket Entry No. 7.

[9]See medical bills, Exhibit D attached to Declaration of Jack E. Ferguson attached to Docket Entry No. 7.

[10]See May 9, 2007, letter from Jack E. Ferguson to Craig Washington, Exhibit G attached to Declaration of Jack E. Ferguson attached to Docket Entry No. 7.

[11]See July 20, 2007, letter from Eura Williams to Craig Washington, Exhibit H attached to Declaration of Jack E. Ferguson attached to Docket Entry No. 7.

3.   <u>Plaintiff's Failure to Respond</u>

Although more than a month has passed since the United States filed its motion to dismiss on February 7, 2008, plaintiff has not responded to it.  Local Rule 7.3 provides that:  "Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel." S.D.Tex.R. 7.3 (2000).  Local Rule 7.4 provides:

> Failure to respond will be taken as a representation of no opposition.  Responses to motions
>
> A Must be filed by the submission day;
>
> B Must be written;
>
> C Must include or be accompanied by authority; and
>
> D Must be accompanied by a separate form order denying the relief sought.

S.D.Tex.R. 7.4 (2000).  In accordance with Local Rule 7.4, the court takes plaintiff's failure to respond to the United States' motion to dismiss as a representation of no opposition to the legal arguments and evidence of jurisdictional facts submitted by the defendant in support of the pending motion to dismiss.  <u>See Eversley v. MBank Dallas</u>, 843 F.2d 172, 173-174 (5th Cir. 1988) (noting that when the nonmovant submits no response, the factual allegations of the movant are properly taken as true).

Although in her Original Complaint plaintiff expressly alleges that she filed an administrative claim for $30,000 with USPS within two years of November 2, 2004, the date on which she slipped and

fell at the post office, she has not presented any evidence from which the court can conclude that she presented a claim to the USPS that stated a sum certain prior to April 25, 2007; a date that was over two years after the incident of which she complains.  Review of the exhibits attached to the United States' motion to dismiss shows that while on December 2, 2004, plaintiff notified the USPS that she had suffered a fall on November 2, 2004, that notice did not place a dollar value on her claim.  Moreover, since the medical bills attached to the Standard Form 95 that Ferguson declares the USPS received on April 25, 2007, are dated from February 11, 2005, through March 4, 2005, the charges reflected by those bills could not have been used to place a dollar value on the plaintiff's claim in December of 2004 when the plaintiff's attorney sent the first notice of claim to the USPS.  Since plaintiff has failed to submit any evidence in opposition to that submitted by the United States in support of its motion to dismiss, that evidence is uncontested.  See Ramming, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").

The Fifth Circuit has stated that 28 U.S.C. § 2675 "is more than a mere statement of procedural niceties.  It requires that jurisdiction must exist at the time the complaint is filed."

Gregory, 634 F.2d at 204.  Because presentment of a claim that includes a demand for a sum certain within two years of the alleged incident is a jurisdictional prerequisite to filing suit under the FTCA, because the United States has submitted evidence that plaintiff failed to present a claim that included a demand for a sum certain within two years of falling at the post office, and because plaintiff has failed to submit any evidence from which the court could conclude that she did, in fact, satisfy the presentment requirement of 28 U.S.C. § 2675, the court concludes that it lacks subject matter jurisdiction over plaintiff's negligence claim because she failed to present a claim that included a demand for a sum certain to the USPS within two years of her fall.  See Wardsworth, 721 F.2d at 506.  Accordingly, the court concludes that this action should be dismissed for lack of subject matter jurisdiction.  Although dismissal for lack of subject matter jurisdiction is not normally a decision on the merits, see Fed. R. Civ. P. 41(b), the court's conclusion that it lacks subject matter jurisdiction due to the plaintiff's failure to present a timely administrative claim that satisfies the requirements of 28 U.S.C. § 2675 precludes further litigation on the plaintiff's claim.  See GAF Corp. v. United States, 818 F.2d 901, 912-14 (D.C. Cir. 1987) (noting that dismissal for lack of subject matter jurisdiction in this situation is preclusive).

-11-

### III.  <u>Conclusions and Order</u>

For the reasons explained above, the court concludes that plaintiff's claim for negligence should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because plaintiff failed to exhaust her administrative remedies by filing a timely claim with the United States Postal Service that placed a dollar value on her claim.  Accordingly, Defendant's Motion to Dismiss (Docket Entry No. 7) is **GRANTED.**

**SIGNED** at Houston, Texas, on this 13th day of March, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-12-